# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

THOMAS MARKESE HARRIS,

        Defendant-Appellant.

UNPUBLISHED
February 21, 2017

No. 329445
Wayne Circuit Court
LC No. 12-008332-01-FC

---

Before: JANSEN, P.J., and BECKERING and GADOLA, JJ.

PER CURIAM.

A jury convicted defendant of armed robbery, MCL 750.529, felonious assault, MCL 750.82, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court vacated the felonious assault conviction and sentenced defendant to 10 to 22 years' imprisonment for the armed robbery conviction, and a consecutive two-year term of imprisonment for the felony-firearm conviction. In a prior appeal, this Court affirmed defendant's convictions, but vacated his sentences and remanded for resentencing. *People v Harris*, unpublished opinion per curiam of the Court of Appeals, issued May 19, 2015 (Docket No. 320233), p 8. On remand, the trial court resentenced defendant to another prison term of 10 to 22 years for the armed robbery conviction. Defendant appeals as of right, again challenging his armed robbery sentence. We remand for further proceedings in accordance with *People v Lockridge*, 498 Mich 358, 397-399; 870 NW2d 502 (2015).

Defendant's sole stated issue is that the trial court scored offense variables (OVs) 4 and 14 on the basis of facts not found by the jury in violation of his Sixth Amendment right to a jury trial.[1] Because defendant did not object to the scoring of the sentencing guidelines on

---

[1] Defendant's brief includes an argument that he was sentenced on the basis of inaccurate information because the trial court failed to consider information regarding his good conduct while in prison. However, defendant failed to properly present the issue for our review because it was not raised in his statement of the questions presented. *People v Unger*, 278 Mich App 210, 262; 749 NW2d 272 (2008). Regardless, the record indicates that the court did consider this information. Defendant made a statement during his resentencing in which he described his positive accomplishments while in prison, as well as the fact that he had not received any prison

-1-

constitutional grounds at the resentencing, this issue is unpreserved, and therefore, is reviewed for plain error affecting defendant's substantial rights. See *Lockridge*, 498 Mich at 392.

The core holding of *Lockridge* is that the sentencing guidelines are "constitutionally deficient" to the extent that they "*require* judicial fact-finding beyond facts admitted by the defendant or found by the jury to score the offense variables . . . that *mandatorily* increase the floor of the guidelines minimum sentence range." *Lockridge*, 498 Mich at 364. To remedy this violation, the Court severed MCL 769.34(2) to the extent that it made a sentencing guidelines range based on judge-found facts mandatory and held that the guidelines are advisory only. *Id.* at 364-365. The Court concluded, "To preserve as much as possible the legislative intent in enacting the guidelines, however, we hold that a sentencing court must determine the applicable guidelines range and take it into account when imposing a sentence." *Id.* at 365.

In cases in which (a) the defendant was sentenced on or before July 29, 2015, and the issue is unpreserved, (b) the defendant's OV score was calculated using facts found by the court, (c) the impermissible judicial fact-finding affected the defendant's placement in the cell of the sentencing grid under which he was sentenced, and (d) the trial court did not depart upward from the guidelines, the appropriate remedy is to remand the case to "the trial court for that court to determine whether plain error occurred, i.e., whether the court would have imposed the same sentence absent the unconstitutional constraint on its discretion." *Lockridge*, 498 Mich at 397, 399. This procedure is known as a "*Crosby*"[2] remand. *Id.* at 397. The Court clarified that "[i]f the trial court determines that it would not have imposed the same sentence but for the constraint, it must resentence the defendant." *Id.* at 399.

Although this Court previously held that there was sufficient evidence to support the 10-point scores for OVs 4 and 14, this Court did not address whether these variables were scored on the basis of judicially found facts. *Harris*, unpub op at 2-3. OV 4 considers psychological injury to the victim. MCL 777.34(1). A score of 10 points is appropriate where "[s]erious psychological injury requiring professional treatment occurred to a victim." MCL 777.34(1)(a). OV 14 considers the offender's role in the offense. MCL 777.44. A score of 10 points is appropriate where "[t]he offender was a leader in a multiple offender situation." MCL 777.44(1)(a). " 'The essential elements of an armed robbery are (1) an assault, and (2) a felonious taking of property from the victim's person or presence, while (3) the defendant is armed with a weapon described in the statute.' " *People v Henry (After Remand)*, 305 Mich App 127, 142-143; 854 NW2d 114 (2014) (citation omitted). " 'The offense of assault requires proof that the defendant made either an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery.' " *Id.* at 143 (citation omitted). A battery constitutes " 'an intentional, unconsented and harmful or offensive touching of the person of another, or of something closely connected with the person.' " *Id.* (citation omitted).

---

tickets in 20 months and had been in an honor unit for over 15 months. The court responded, "I appreciate what you said," before resentencing defendant.

[2] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

In finding defendant guilty of armed robbery, it was not necessary for the jury to find that the victim suffered a serious psychological injury that would require professional treatment, or to find that defendant was a leader in the commission of the offense. Further, while defendant did testify at trial, he denied any knowledge of the offense. Accordingly, the scores for OVs 4 and 14 were based on judicially found facts. In addition, the judicial fact-finding affected defendant's placement in the cell of the sentencing grid under which he was sentenced. Defendant's minimum sentencing guidelines range was 81 to 135 months' imprisonment. However, reducing his OV score by 20 points places defendant in the 51 to 85 months' imprisonment sentencing guidelines range. *Id*.

Defendant was resentenced before *Lockridge* was decided, and the 20 points attributable to the scoring of OVs 4 and 14 affect defendant's placement in the cell of the sentencing grid under which he was sentenced. Therefore, defendant is entitled to a *Crosby* remand. On remand, the trial court must determine whether it would have imposed a materially different sentence but for the unconstitutional constraint on its discretion because of the mandatory application of the guidelines at the time of defendant's previous resentencing. See *Lockridge*, 498 Mich at 397. Defendant must be given the option of promptly notifying the trial judge that another resentencing will not be sought. See *id*. at 398. "If . . . defendant does not so notify the court, it 'should obtain the views of counsel, at least in writing, but "need not" require the presence of [defendant],' in 'reaching its decision (with or without a hearing) whether to resentence.' " *Id*. (citation omitted). "Upon making that decision, the trial court shall 'either place on the record a decision not to resentence, with an appropriate explanation, or vacate the sentence and, with . . . [d]efendant present, resentence in conformity with' " *Lockridge*. *Id*. (citation omitted).

Remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ Jane M. Beckering
/s/ Michael F. Gadola

-3-